UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
MARTIN LAWRENCE WRIGHT,

                Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 18-CV-05971 (FB)

<u>Appearances</u>:

*For the Plaintiff*:
EDDY PIERRE PIERRE
Pierre Pierre Law, P.C.
211 East 43rd Street
New York, NY 10017

*For the Defendant*:
MATTHEW MAILLOUX
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

Martin Lawrence Wright ("Wright") seeks review of the Commissioner of Social Security's ("Commissioner") final decision denying his application for Social Security Disability ("SSD") benefits. Both Wright and the Commissioner move for judgment on the pleadings. Because the Commissioner failed to consider relevant medical evidence in the evaluation of Linton's residual functional capacity ("RFC"), both parties' motions are denied and the case is remanded for further proceedings consistent with this Memorandum and Order.

1

**I.**

Wright applied for SSD benefits in January 2015, alleging a disability due to depressive disorder, alcohol induced mood disorder, post-traumatic stress disorder ("PTSD"), a heart condition from a 1996 stabbing, and physical limitations in his right shoulder and wrist. Wright's claim was denied and he thereafter sought and participated in a hearing before Administrative Law Judge ("ALJ") Michael A. Rodriguez. Applying the five-step evaluation process proscribed in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4),[1] ALJ Rodriguez rendered a decision on October 17, 2017, again denying Wright's application ("Decision").

In relevant part, ALJ Rodriguez determined that Wright had "severe" physical and mental impairments but retained a RFC to perform "medium work."[2] Based on

---

[1] The Commissioner must determine "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience." *McIntyre v. Colvin*, 748 F.3d 146, 150 (2d Cir. 2014). The burden of proof is on the claimant but shifts to the Commissioner at the fifth step. *Id.*

[2] Under 20 CFR 404.1567(c), "medium work" is any work that "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." ALJ Rodriguez concluded that Wright could lift and carry fifty pounds occasionally and could lift twenty-five pounds frequently. In addition, the ALJ found that Wright could sit, stand, and walk for six hours in an eight-hour work-day.

2

that RFC, the ALJ concluded that Wright was precluded from doing his past work as a grocery bagger or supermarket stocking clerk but that he could perform work that existed in significant numbers in the national economy and so did not qualify for disability benefits. The Decision became final in August 2018 when the Appeals Council summarily denied Wright's petition for review.

Wright now challenges that Decision, arguing that the ALJ ignored relevant record evidence in rendering the RFC determination. The Court agrees and remands for additional consideration of the medical record, and development thereof as necessary.

## II.

The Court may set aside a final determination that is "based upon legal error or if the factual findings are not supported by substantial evidence in the record as a whole." *Greek v. Colvin*, 802 F.3d 370, 374–75 (2d Cir. 2015). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971); it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008). An ALJ's factual findings are entitled to deference, but that deference is not unlimited and reviewing courts must consider the record as a whole to assess whether (or not) an ALJ's findings mischaracterize or ignore relevant evidence. *See Wilson v. Colvin*, 213 F.Supp.3d 478, 485 (W.D.N.Y. 2016) (reversing ALJ decision that "relie[d] on

a mischaracterization of the record"). *See also Brennon v. Colvin*, 2015 WL 1402204 at *16 (S.D.N.Y. March 25, 2015) ("In evaluating the record, the ALJ may not ignore or mischaracterize evidence of a person's alleged disability.")). Upon review, the Court finds the Commissioner's RFC determination deficient with respect to Wright's physical and mental impairments.

A. Wright's Physical Impairments.

With respect to Wright's physical impairments, the ALJ failed to properly credit the medical opinion of Wright's treating physician, Dr. Orellana. In particular, Dr. Orellana opined that Wright was unable to work "for at least 12 months" due to a host of physical impairments, including chest pain, shoulder pain, knee pain, bilateral carpal tunnel syndrome, bilateral shoulder tenderness, bilateral hand numbness, decreased bilateral grip, bilateral knee tenderness, and decreased range of motion. Yet the ALJ accorded Dr. Orellana's assessment only "little weight" on the ground that it was not "consistent" with (a) the medical record or (b) other "consultative examiners findings."

As to the first rationale, Dr. Orellana's opinion is entirely consistent with x-rays that show Wright suffers from "degenerative changes in his AC [shoulder] joint" and "suprapatellar effusion" (swelling, often caused by arthritis or injury to ligaments and/or cartilage) in his right knee. Of course, an ALJ "need not address every shred of evidence in the administrative record," *Wright v. Berryhill*, No. 3:17-

4

cv-00501, 2018 WL 3993442, at *5 (D. Conn. Aug. 21, 2018), but may not ignore "relevant and probative evidence which is available," *Lopez v. Sec'y of Dep't of Health & Human Servs.*, 728 F.2d 148, 150–51 (2d Cir. 1984). Here, the ALJ's Decision fails to mention the x-rays at all.

As to the second rationale, the ALJ failed to identify *which* "consultative examiner"—or which specific "findings"—were inconsistent with Dr. Orellana's assessment.[3] *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir.1984) ( "On the basis of the ALJ's insufficient findings here, we cannot determine whether his conclusory statement that Ferraris could carry out sedentary work is supported by substantial evidence."). If the ALJ was unsatisfied with Dr. Orellana's opinion, or believed there to be evidentiary gaps, it is the ALJ's duty to develop the record further. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2010) ("The ALJ has an obligation to develop the record in light of the non-adversarial nature of the benefits proceedings."). Absent a "good reason" to discount Dr. Orellana's assessment, the "treating physician rule" dictates "that the medical opinion of a claimant's treating physician [be] given controlling weight." *Shaw v. Chater*, 221 F.3d at 134.

---

[3] The Commissioner posits that ALJ Rodriguez based his RFC determination on Dr. Long's consultative examination. But the Decision makes no specific reference to Dr. Long's assessment and "a post hoc rationale for the ALJ's determination [is] not a proper substitute for the ALJ's obligation to provide 'good reasons' for the weight accorded to a treating physician's opinion." *Kelly v. Astrue*, 2014 WL 3563391 at *22 (W.D.N.Y. July 18, 2014).

B. Wright's Mental Impairments.

As to Wright's mental impairments, the Decision simply cherry-picks from the medical record, offering insufficient explanations as to why some assessments were accorded "little weight" and ignoring other assessments altogether.

The Decision identifies only two psychological assessments: The first, from nurse practitioner Natasha Felton ("NP Felton"), reports that Wright suffered from post-traumatic stress disorder, depressive disorder, bipolar disorder, recurring nightmares, and exaggerated startle response in response to trauma. The second assessment, from Wright's therapist and social worker Kiara Moore ("SW Moore"), also diagnosed Wright with post-traumatic stress disorder and bipolar disorder. In addition, SW Moore opined that Wright had a history of suicide attempts, had difficulty concentrating, had poor recent- and remote-memory, was easily distractible, and suffered from "intrusive recollections of a traumatic experience" related to his 1996 stabbing.

ALJ Rodriguez discredited both assessments on the basis that "[t]he record shows that [Wright's] psychological symptoms intensify with alcohol abuse and abate with sobriety." Yet that rationale simply ignores SW Moore's specific finding that Wright "is totally disabled *without consideration of any past or present drug and/or alcohol use*," and that "alcohol use is not a material cause of [Wright's]

6

disability."[4]  Certified Administrative R. at 351 (emphasis added) (Kiara Moore Office Treatment Records (July 9, 2015)).

Additionally, ALJ Rodriguez ignored a psychological assessment from health counselor Emily Kleine ("HC Kleine"), who treated Wright for a "mood disorder" and saw him on a weekly basis between July and September 2017—at which time Wright was nearly 2 years sober.  Notably, HC Kleine's treatment notes report identical psychological symptoms as those SW Moore identified in July 2015 (*e.g.*, difficulty concentrating, easily distractible, poor recent- and remote-memory, and intrusive recollections of a traumatic experience).

An ALJ may not "simply pick and choose . . . only such evidence that supports [his or her] determination, without affording consideration to evidence supporting the plaintiff's claims."  *Sutherland v. Barnhart*, 322 F. Supp. 2d 282, 289 (E.D.N.Y. 2004).  It is not apparent why ALJ Rodriguez chose to ignore the medical assessment from HC Kleine, but without further elaboration the Court finds that the decision to deny Wright's application is not supported by "substantial evidence."

---

[4] Wright testified that he has been sober since October 2015, and that he regularly attends AA meetings.  Although SW Moore's assessment is dated July 9, 2015, she notes that Wright was not inebriated at the time of her examination.

7

## III.

For the foregoing reasons, both motions for judgment on the pleadings are denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

**SO ORDERED**.

      /s/ Frederic Block        
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
March 20, 2020